UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| RYAN LEBLANC,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>Defendant. | Case No. 26-cv-12545<br>Honorable Terrence G. Berg<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE (ECF NO. 16)**

Plaintiff Ryan LeBlanc, proceeding pro se, sues Defendant JPMorgan Chase Bank, N.A., alleging that JPMorgan refused to cash a tax refund check and later closed LeBlanc's account and suspended funds. ECF No. 1. The Honorable Terrence G. Berg referred this matter to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 10.

LeBlanc moves to strike JPMorgan's answer, arguing that its asserted defenses lack merit. ECF No. 16. "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ P. 12(f). "A defense is insufficient if as a matter of law, the defense cannot succeed under any circumstances."

*Hemlock Semiconductor Corp. v. Deutsche Solar GmbH*, 116 F. Supp. 3d 818, 823 (E.D. Mich. 2015) (cleaned up). But a defense should not be stricken if its insufficiency "is not clearly apparent, or if it raises factual issues that should be determined on a hearing on the merits." *Id.* (cleaned up). Motions to strike are disfavored and should be used sparingly; it is a drastic remedy and "should be granted only when the pleading to be stricken has no possible relation to the controversy." *Id.* (cleaned up).

LeBlanc contends that some of JPMorgan's defenses are boilerplate and unsupported by factual allegations. ECF No. 16. But "[e]ven if pled in a boilerplate manner, those defenses raise questions of law or fact that are reasonably pertinent to some or all of [LeBlanc's] claims. Such questions should not be resolved on a motion to strike." *Mockeridge v. Alcona Cnty. by Bd. of Comm'rs*, 599 F. Supp. 3d 561, 571 (E.D. Mich. 2022). "[F]ederal courts are very reluctant to determine disputed or substantial issues of law on a motion to strike; these questions quite properly are viewed as best determined only after further development." 5C Wright & Miller, Federal Practice & Procedure § 1381 (4th ed.).

LeBlanc's motion to strike is thus **DENIED**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: October 15, 2026

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 15, 2026.

s/Caitlin Shrum
CAITLIN SHRUM
Case Manager